# UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Jennifer R. Markiewicz | § | Case No. 13-47061 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 12/09/2013 . The undersigned trustee was appointed on 12/09/2013 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of      $    40,000.00

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim disbursement | 0.00 |
   | Administrative expenses | 15,139.60 |
   | Bank service fees | 94.37 |
   | Other payments to creditors | 938.06 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 15,000.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]    $ | 8,827.97 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 05/01/2014 and the deadline for filing governmental claims was 06/09/2014 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 3,250.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 3,250.00 , for a total compensation of $ 3,250.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 19.83 , for total expenses of $ 19.83 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 04/18/2016        By: /s/Joji Takada, Chapter 7 Trustee
                                 Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-47061 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |

| Case Name: | Jennifer R. Markiewicz | | Date Filed (f) or Converted (c): | 12/09/2013 (f) |
| | | | 341(a) Meeting Date: | 01/13/2014 |
| For Period Ending: | 04/18/2016 | | Claims Bar Date: | 05/01/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Cash On Hand | 5.00 | 0.00 | | 0.00 | FA |
| 2. Us Bank Savings Account | 25.00 | 0.00 | | 0.00 | FA |
| 3. Us Bank Checking Account | 170.00 | 0.00 | | 0.00 | FA |
| 4. Various & Sundry Home Furnishings | 500.00 | 0.00 | | 0.00 | FA |
| 5. Necessary Clothing | 200.00 | 0.00 | | 0.00 | FA |
| 6. Wedding Ring | 800.00 | 0.00 | | 0.00 | FA |
| 7. Term Life Insurance Through Employer Beneficiary: Children | 0.00 | 0.00 | | 0.00 | FA |
| 8. Fidelty 401(K) | 3,000.00 | 0.00 | | 0.00 | FA |
| 9. Back Child Support From Non-Custodial Parent; Unliquidated | 0.00 | 0.00 | | 0.00 | FA |
| 10. 2013 Federal And State Tax Refund, If Any | 0.00 | 0.00 | | 0.00 | FA |
| 11. Personal Injury Lawsuit. Internal Injuries But Claim Is Dis | 0.00 | 0.00 | | 40,000.00 | FA |
| 12. 2013 Hyundai Elantra | 16,600.00 | 56.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $21,300.00   $56.00       $40,000.00   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

123013--Litigation value of $1.00 because value is speculative at this time.

012914--Trustee has spoken with personal injury attorney; PI claim consists of medical bills over $100,000; Trustee to hire PI attorney and monitor case for resolution/settlement.

Email correspondence with B. O'connor PI attorney re: current status of case. - Joji Takada 8/20/2014

From PI counsel: parties' depositions have been completed, and defense counsel has recently subpoenaed my client's treating physicians for depositions. This process will take 4-5 months or thereabouts, and then we'll have an idea at that time whether case can be settled. -- Joji Takada 11/30/2014

Email correspondence with B. O'connor PI attorney re: current status of case. - Joji Takada 4/8/2015

Telephone conference with B. O'connonr; Case proceeding and scheduled for trial in the next few months. - Joji Takada 7/27/2015

Settlement offer received; Motion to approve settlement filed and granted. - Joji Takada 11/3/2015

TFR in process. - Joji Takada 12/22/2015

FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Case No: 13-47061  
Case Name: Jennifer R. Markiewicz  
Taxpayer ID No: XX-XXX2868  
For Period Ending: 04/18/2016  

Trustee Name: Joji Takada, Chapter 7 Trustee  
Bank Name: Associated Bank  
Account Number/CD#: XXXXXX0155  
Checking  
Blanket Bond (per case limit): $5,000,000.00  
Separate Bond (if applicable):  

Exhibit B

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 10/20/15 | 11 | Commerce and Industry Insurance Co. | Settlement payment re personal injury claim | 1142-000 | $40,000.00 | | $40,000.00 |
| 10/20/15 | 1001 | O'Connor Law Group 221 N. LaSalle Street Suite 1050 Chicago, IL 60601 Attn: Bryan J O'Connor | Payment to trustee professional Special counsel contingency fee | 3210-000 | | $13,333.33 | $26,666.67 |
| 10/20/15 | 1002 | O'Connor Law Group 221 N. LaSalle Street Suite 1050 Chicago, IL 60601 Attn: Bryan J O'Connor | Payment to trustee professional Special counsel expenses | 3220-000 | | $1,806.27 | $24,860.40 |
| 10/20/15 | 1003 | Country Financial Subrogation Department PO Box 2100 Bloomington, Illinois 61702 Attn: Mike Solomon | Medical lien payoff Negotiated settlement of medical lien | 4210-000 | | $938.06 | $23,922.34 |
| 10/20/15 | 1004 | Markiewicz, Jennifer c/o Debt and Injury Law Center One North LaSalle, Suite 450 Chicago, Illinois 60602 Attn: Christopher Ackert | Exemption Debtor's personal bodily injury exemption | 8100-002 | | $15,000.00 | $8,922.34 |
| 11/06/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $23.01 | $8,899.33 |
| 12/07/15 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $19.53 | $8,879.80 |
| 01/08/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $13.20 | $8,866.60 |
| 02/05/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $13.18 | $8,853.42 |
| 03/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $12.31 | $8,841.11 |
| 04/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $13.14 | $8,827.97 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $40,000.00 | $31,172.03 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $40,000.00 | $31,172.03 |
| Page Subtotals: | $40,000.00 | $31,172.03 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

| | | |
|---|---:|---:|
| Less: Payments to Debtors | $0.00 | $15,000.00 |
| Net | $40,000.00 | $16,172.03 |

Exhibit B

| | | |
|---|---:|---:|
| Page Subtotals: | $0.00 | $0.00 |

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0155 - Checking | $40,000.00 | $16,172.03 | $8,827.97 |
|  | $40,000.00 | $16,172.03 | $8,827.97 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---|
| Total Net Deposits: | $40,000.00 |
| Total Gross Receipts: | $40,000.00 |

Page Subtotals:                                $0.00          $0.00

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-47061  
Debtor Name: Jennifer R. Markiewicz  
Claims Bar Date: 5/1/2014

Date: April 18, 2016

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 99 8100 | Jennifer Markiewicz<br>c/o Debt and Injury Law Center<br>One North LaSalle, Suite 450<br>Chicago, Illinois 60602<br>Attn: Christopher Ackert | Administrative | | $0.00 | $15,000.00 | $15,000.00 |
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL  60646 | Administrative | | $0.00 | $3,250.00 | $3,250.00 |
| 100 2200 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL  60646 | Administrative | | $0.00 | $19.83 | $19.83 |
| 100 3210 | O'Connor Law Group<br>221 N. LaSalle Street<br>Suite 1050<br>Chicago, IL 60601<br>Attn: Bryan J O'Connor | Administrative | | $0.00 | $13,333.33 | $13,333.33 |
| 100 3220 | O'Connor Law Group<br>221 N. LaSalle Street<br>Suite 1050<br>Chicago, IL 60601<br>Attn: Bryan J O'Connor | Administrative | | $0.00 | $1,806.27 | $1,806.27 |
| 1 300 7100 | DISCOVER BANK<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH  43054-3025 | Unsecured | | $0.00 | $5,004.76 | $5,004.76 |
| 2 300 7100 | Quantum3 Group Llc As Agent For<br>Comenity Bank<br>Po Box 788<br>Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $113.46 | $113.46 |
| 3 300 7100 | Quantum3 Group Llc As Agent For<br>Comenity Bank<br>Po Box 788<br>Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $84.74 | $84.74 |
| 4 300 7100 | Quantum3 Group Llc As Agent For<br>Comenity Bank<br>Po Box 788<br>Kirkland, Wa 98083-0788 | Unsecured | | $0.00 | $1,361.91 | $1,361.91 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 13-47061  
Debtor Name: Jennifer R. Markiewicz  
Claims Bar Date: 5/1/2014  

Date: April 18, 2016

| | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 5<br>300<br>7100 | Sallie Mae<br>C/O Sallie Mae Inc.<br>220 Lasley Ave.<br>Wilkes-Barre, Pa 18706 | Unsecured | | $0.00 | $18,535.65 | $18,535.65 |
| 6<br>300<br>7100 | Sallie Mae<br>C/O Sallie Mae Inc.<br>220 Lasley Ave.<br>Wilkes-Barre, Pa 18706 | Unsecured | | $0.00 | $4,255.98 | $4,255.98 |
| 8<br>300<br>7100 | Portfolio Recovery Associates, Llc<br>Successor To<br>Capital One, National Association<br>(Capital One, N.A.)<br>Pob 41067<br>Norfolk Va 23541 | Unsecured | | $0.00 | $4,336.41 | $4,336.41 |
| <br>400<br>4210 | Country Financial<br>Subrogation Department<br>PO Box 2100<br>Bloomington, Illinois 61702<br>Attn: Mike Solomon | Secured | Medical lien claimant | $0.00 | $938.06 | $938.06 |
| 7<br>400<br>4210 | Capital One Auto Finance<br>A Division Of Capital One, N.A.<br>Po Box 201347<br>Arlington, Tx 76006 | Secured | Objection to claim granted | $0.00 | $13,834.18 | $0.00 |
| | Case Totals | | | $0.00 | $81,874.58 | $68,040.40 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-47061
Case Name: Jennifer R. Markiewicz
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand $ 8,827.97

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
|  | Country Financial | $ 938.06 | $ 938.06 | $ 938.06 | $ 0.00 |
| 7 | Capital One Auto Finance | $ 13,834.18 | $ 0.00 | $ 0.00 | $ 0.00 |

Total to be paid to secured creditors $ 0.00

Remaining Balance $ 8,827.97

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ 3,250.00 | $ 0.00 | $ 3,250.00 |
| Trustee Expenses: Joji Takada | $ 19.83 | $ 0.00 | $ 19.83 |
| Attorney for Trustee Fees: O'Connor Law Group | $ 13,333.33 | $ 13,333.33 | $ 0.00 |
| Attorney for Trustee Expenses: O'Connor Law Group | $ 1,806.27 | $ 1,806.27 | $ 0.00 |

Total to be paid for chapter 7 administrative expenses $ 3,269.83

Remaining Balance $ 5,558.14

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 33,692.91  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  16.5  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DISCOVER BANK | $ 5,004.76 | $ 0.00 | $ 825.61 |
| 2 | Quantum3 Group Llc As Agent For | $ 113.46 | $ 0.00 | $ 18.72 |
| 3 | Quantum3 Group Llc As Agent For | $ 84.74 | $ 0.00 | $ 13.98 |
| 4 | Quantum3 Group Llc As Agent For | $ 1,361.91 | $ 0.00 | $ 224.67 |
| 5 | Sallie Mae | $ 18,535.65 | $ 0.00 | $ 3,057.73 |
| 6 | Sallie Mae | $ 4,255.98 | $ 0.00 | $ 702.09 |
| 8 | Portfolio Recovery Associates, Llc | $ 4,336.41 | $ 0.00 | $ 715.34 |

| | |
|---|---|
| Total to be paid to timely general unsecured creditors | $ 5,558.14 |
| Remaining Balance | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE